UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **V.T.M.,** § § § *Petitioner*, § § **v.** § § **JOEL D. GARCIA,** *in his official capacity as* Field Office Director, El Paso Field § § Office, U.S. Immigration and Customs § Enforcement; **TODD LYONS,** *in his official* § *capacity as* Director, U.S. Immigration and § Customs Enforcement; **KRISTI NOEM,** *in* § *her official capacity as* Secretary, U.S. § Department of Homeland Security; **U.S.** § **DEPARTMENT OF HOMELAND** § **SECURITY; U.S. IMMIGRATION AND** § **CUSTOMS ENFORCEMENT;** and § **PAMELA BONDI,** *in her official capacity* § *as* Attorney General of the United States, § § *Respondents*. § | | EP-26-CV-00082-DCG |

## ORDER DENYING MOTION TO PROCEED UNDER PSEUDONYM

Petitioner V.T.M. ("Petitioner") challenges her detention pursuant to 28 U.S.C. § 2241.[1] She moves the Court to (1) allow her to proceed under a pseudonym; (2) ensure she be referred to by her initials in all pleadings, documents, and proceedings related to this case; and (3) prohibit Respondents from disclosing personally identifying information that could lead to her identification in this action.[2] For the following reasons, the Court **DENIES** the Motion.

---

[1] *See generally* Pet. ECF No. 1.

[2] *See* Mot. Pseudonym, ECF No. 3, at 1; Memo, ECF No. 4, at 2.

## I. Discussion

"The public's right of access to judicial records is a fundamental element of the rule of law."[3] Judicial records are, after all, public records.[4] But the public right to access judicial records is not absolute.[5] Additional rules apply when individuals seek to remain anonymous in a lawsuit. The presumption of public access as it applies to party names is embodied in Rule 10(a) of the Federal Rules of Civil Procedure. Rule 10(a) requires that "all the parties" be named in a complaint.[6] Like the presumption in favor of public access to judicial records, however, Rule 10(a) is not absolute. Courts recognize exceptions under which individuals can proceed anonymously.[7] Exceptions arise when protection of an individual's privacy interests outweigh the public's right to access judicial records.[8]

Each request to proceed anonymously is "fact-sensitive."[9] "[P]ermission to litigate under a pseudonym is a *rare dispensation* that requires litigants to meet a correspondingly *weighty burden*."[10] Further, "use of a pseudonym should only be permitted occasionally and in unusual

---

[3] *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021) (quoting *In re Leopold to Unseal Certain Elec. Surveillance Applications & Orders*, 964 F.3d 1121, 1123 (D.C. Cir. 2020)).

[4] *Id.* at 416.

[5] *United States v. Sealed Search Warrants*, 868 F.3d 385, 391 (5th Cir. 2017) (criminal context); *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (civil context).

[6] FED. R. CIV. P. 10(a); *see also* FED. R. CIV. P. 17(a) ("An action must be prosecuted in the name of the real party in interest.").

[7] *See Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. Unit A 1981) (discussing *S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707 (5th Cir. 1979) [hereinafter "*SMU*"]).

[8] *SMU*, 599 F.2d at 712–13.

[9] *Stegall*, 653 F.2d at 185–86.

[10] *Doe Corp. 1 v. Inter-Am. Dev. Bank*, No. 25-7114, 2025 WL 3485682, at *1 (D.C. Cir. Dec. 4, 2025) (emphases added) (citation modified).

cases."[11] The Fifth Circuit has identified a few non-exhaustive factors courts should consider when analyzing a party's request for anonymity:

(1) whether the party is challenging the lawfulness of government activity;

(2) whether, during the course of the lawsuit, plaintiffs would be compelled to disclose sensitive and highly personal information;

(3) whether, during the course of the lawsuit, plaintiffs would be compelled to admit participation (or desired participation) in unlawful activity;

(4) whether there is a threat of hostile or violent public reaction; and

(5) whether the parties are children.[12]

Very rarely will any one of the factors be dispositive.[13]

The first factor weighs in Petitioner's favor, because "[s]he is challenging her detention by the United States government, not a private party."[14] Considering the other relevant factors, however, Petitioner has not carried her burden to proceed anonymously. As to the second factor, the "intimate details about her life and circumstances"[15] will be partially shielded from public view under the Federal Rules of Civil Procedure.[16] As to the fourth factor, although disclosure of "[t]hese details, if disclosed, could lead to further trauma, stigma, and even retaliation,"[17] the

---

[11] *Roe v. Skillz, Inc.*, 858 F. App'x 240, 241 (9th Cir. 2021) (citation modified).

[12] *Stegall*, 653 F.2d at 185–86; *SMU*, 599 F.2d at 712–13; *A.N. v. Landry*, 338 F.R.D. 347, 351 (M.D. La. 2021).

[13] *Stegall*, 653 F.2d at 186 ("The threat of hostile public reaction to a lawsuit, standing alone, will only with great rarity warrant public anonymity.").

[14] Memo at 3.

[15] *Id.*

[16] *See infra* notes 19–21 and accompanying text.

[17] *See* Memo at 3.

potential risks remain speculative. Finally, although "V.T.M. is a vulnerable 19-year-old young woman who came to this country as an unaccompanied child,"[18] she is no longer a child for the purpose of the fifth factor.

Even though Petitioner must proceed by her full name, she still enjoys the protections of Rule 5.2, which is designed to preempt and mitigate some of these concerns. In an action relating to immigration detention, there is a default presumption that non-parties' remote access to the electronic record is limited to "the docket maintained by the court" and "an opinion, order, judgment, or other disposition of the court, but not any other part of the case file or the administrative record."[19] If non-parties wish to view the record remotely, their electronic access is limited to (1) "the docket maintained by the court;" and (2) "an opinion, order, judgment, or other disposition of the court, but not any other part of the case file or the administrative record."[20] Because this case concerns immigration detention, the foregoing rule applies.[21]

Crediting Petitioner's arguments, and recognizing that there is heightened "media attention to immigration matters in Minnesota and nationally,"[22] the Court nonetheless finds that the Federal Rules' default access to this docket will allow Petitioner to "disclose intimate details about her life and circumstances" in an appropriately limited forum. Petitioner's request for anonymity does not defeat the default presumption in favor of access to public records, nor does

---

[18] *Id.*

[19] FED. R. CIV. P. 5.2(c) (limiting non-parties' remote access to filings in particular cases, including actions relating to immigration detention).

[20] *Id.*

[21] *See* Pet., ECF No. 1.

[22] *See* Affidavit, ECF No. 5, at 2.

it require a more limited docket than is required by the Federal Rules require in cases like this one.

**II. Conclusion**

For the foregoing reasons, the Court **DENIES** Petitioner's "Motion for Leave to Proceed Under Pseudonym and for a Protective Order" (ECF No. 3).

The Court further **ORDERS** Petitioner to either file an amended Petition under her full name **OR** withdraw her Petition no later than **February 6, 2026**.

**So ORDERED and SIGNED this 30th day of January 2026.**

_____
**DAVID C. GUADERRAMA
SENIOR U.S. DISTRICT JUDGE**